UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL RUIZ,

                Plaintiff,

-against-

HJ FAMILY CORP. D/B/A CTOWN SUPERMARKET; HALMET A. CUESTA; AND JOHN DOE,

                Defendants.

23-CV-7385 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the court's diversity jurisdiction, alleging that a supermarket and its employees discriminated against him based on his gender. By order dated August 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, a resident of Bronx, New York, brings this action against the HJ Family Corporation d/b/a CTown Supermarket; Halmet A. Cuesta, identified as "Manager/Owner" of the supermarket; and "John Doe," a cashier at the supermarket. (ECF 1, at 4.)[1] Plaintiff invokes diversity jurisdiction and asserts the following: "I'm a gay immigrant man and I feel my rights has been violated because of my gender." (*Id*. at 2.)

The following information is taken from the complaint. On January 21, 2021, Plaintiff went to a CTown Supermarket in the Bronx to buy lightbulbs with quarters. The cashier told him that he needed to buy wrappers to put the quarters in, but referred him to the Defendant Cuesta. When Plaintiff asked Cuesta about accepting the quarters, "he said no [and] faggots like you need to be killed. So get the fuck out of my store or I swear to God I fucking kill you." (*Id*. at 5.) Plaintiff left the store, but Cuesta followed him, continuing the verbal abuse, and then jumped him. Cuesta placed his hands around Plaintiff's neck and said, "I got you faggot." (*Id*. at 6.) Cuesta then pulled down the mask Plaintiff was wearing and spat into his face, causing Plaintiff to swallow his saliva. Cuesta then attempted to "strangle and choke" Plaintiff for about twenty

---

[1] Plaintiff sometimes writes using irregular capitalization. For readability, where appropriate, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

seconds until another employee from the store grabbed Cuesta and pulled him into the store. Plaintiff reported the incident to the police and public safety. (*Id*.)

Plaintiff brings this action asserting that he suffered "severe mental and physical" injury as a result of the incident. (*Id*.) He seeks ten million dollars in damages.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

**A.     Diversity Jurisdiction**

Plaintiff brings this action invoking the Court's diversity of citizenship jurisdiction, but he does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is

absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff indicates in the complaint that both he and the individual defendants reside in New York and that Defendant HJ Family Corporation is incorporated in New York, precluding complete diversity of citizenship. Thus, Plaintiff has not shown that this Court has diversity jurisdiction of his claims.

**B.      Federal Question Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has federal question jurisdiction of this action. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not invoke federal question jurisdiction and the facts alleged do not demonstrate that his claims arise under federal law.[2] Rather, Plaintiff's alleged claims of discrimination on the basis of his gender and assault may arise under New York law. The Court cannot exercise federal question jurisdiction of these state law claims.

Because Plaintiff does not allege facts suggesting that the Court has diversity or federal question jurisdiction of this matter, the Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction).

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[2] Plaintiff's assertions do not implicate a claim under Title II of the Civil Rights Act of 1964, which prohibits discrimination in places of public accommodation that affect interstate commerce. The statute provides, in relevant part, that:

> [a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a); *Roberts v. U.S. Jaycees*, 468 U.S. 609, 625 (1984) ("Title II of the Civil Rights Act of 1964. . . forbids race discrimination in public accommodations"). Assuming that that the supermarket could be considered a place of public accommodation under the statute, "Title II does not prohibit discrimination on the basis of sex." G*uichardo v. Langston Hughes Queens Libr.*, No. 15-CV-2866, 2015 WL 13227995, at *4 (E.D.N.Y. Nov. 20, 2015) (citing *Seidenberg v. McSorleys' Old Ale House, Inc.*, 308 F. Supp. 1253, 1255 (S.D.N.Y. 1969)); *see also Antonetti on Behalf of C.J.A. v. Dave & Busters 42nd Street Times Square*, No. 23-CV-0101 (LTS), 2023 WL 1869012, at *4 (S.D.N.Y. Feb. 6, 2023) (finding plaintiff's Title II claim fails "because Title II, by its own terms, does not protect against gender discrimination") (collecting cases). Plaintiff's assertions of discrimination based on his gender or sexual orientation do not state a claim under Title II of the Civil Rights Act.

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:   June 3, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge